

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 JUL 25  PM 4: 16

CLERK OF COURT

Jerry J. Jarzombek
855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRIA M. GRIFFIN, | § § § | Civil Action No. |
| Plaintiff, | § § § | 4-12CV 518-Y |
| vs. | § § § | **COMPLAINT** and **DEMAND FOR JURY TRIAL** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and ANH H. REGENT d/b/a REGENT & ASSOCIATES, | § § § § § | |
| Defendants. | § § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.      Plaintiff, Tria M. Griffin ("Griffin"), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA and the DTPA.

2.      Defendant, Portfolio Recovery Associates, LLC ("PRA") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Wells Fargo. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from a credit card, which was used by the Plaintiff for non-business purposes. PRA claims to have acquired the Debt, after default, seeking to collect the debt from Plaintiff.

3.      Defendant, Anh H. Regent d/b/a Regent & Associates ("Regent") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Wells Fargo, now allegedly owned by PRA. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from a credit card, which was used by the Plaintiff for non-business purposes. PRA claims to have acquired the Debt, after default, seeking to collect the debt from Plaintiff.

## Jurisdiction and Venue

4.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

5.      Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

## Parties

6.  Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

7.  PRA is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of PRA's business is the collection of consumer debts which it has acquired, after default. PRA does not extend credit to any of the consumers whose debt it acquires. Rather, the sole purpose of the acquisition of these defaulted debts is their collection, for profit. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). PRA is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

8.  Regent is an individual engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of Regent's business is the collection of consumer debts using the mails and telephone, and he regularly attempts to collect consumer debts for others. Regent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Regent is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## Factual Allegations

9.  On or about March 7, 2012, Regent filed suit on behalf of PRA in the County Court at Law, Number Two, of Johnson County, Texas, under Cause No. C201200128. Said suit was styled *Portfolio Recovery Associates, LLC v. Tria M. Griffin* (the "State Court Case.").

10. As to the parties and the Debt, Johnson County, Texas is not the Plaintiff's 15 U.S.C. § 1692i "district", and it is not the TEX. CIV. PRAC. & REM. CODE § 15.035(b) county. The

Plaintiff was not a resident of Johnson County, Texas at the time that Case No. C201200128 was filed. Moreover, the Plaintiff signed no contract with any original creditor at a time when she was located in Johnson County, Texas.

11. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

12. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

13. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of Defendants' regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

### First Claim for Relief

14. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the a. following:

   a. In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included filing suit in a distant forum and engaging in collection activities in violation of TEX. CIV. PRAC. & REM. CODE § 15.035(b).

   b. In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action (and took such an action) which cannot legally be taken or that is not intended to be taken.

   c. In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included filing suit in a distant forum and engaging in collection activities in violation of TEX. CIV. PRAC. & REM. CODE § 15.035(b).

  d. In violation of 15 U.S.C. § 1692i, the Defendant filed suit in Johnson County, Texas which is a judicial district other than the one in which the Consumer signed a contract sued upon, or in which the Consumer resided at the commencement of the action

15. Under 15 U.S.C. § 1692k, Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

### Second Claim for Relief

16. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the TDCA include, but are not limited to the following:

  a. In violation of Tex. Fin. Code § 392.301(a)(8), the Defendants threatened to take (and/or did take) an action prohibited by law.

  b. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendants misrepresented the character of a consumer debt, and the status of the debt in a judicial proceeding.

  c. In violation of Tex. Fin. Code § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

17. Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

18. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the DTPA include, but are not limited to the following:

    a.    Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

    b.    In violation of Tex. Bus. & Com. Code § 17.46(b)(23), the Defendant filed suit founded upon a purported written contractual obligation of and signed by the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract.

19.    Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1.    Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2.    Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3.    Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4.    Grant such further relief as deemed just.

Respectfully submitted,

*[signature]*

Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

*[signature]*

Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile

COMPLAINT and DEMAND FOR JURY TRIAL - Page 7

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST OF TX
FORT WORTH DIVISION

2012 JUL 25 PM 4:16

CLERK OF COURT

| I. (a) PLAINTIFFS<br>Tria M. Griffin | DEFENDANTS<br>Portfolio Recovery Associates, LLC<br>Anh H. Regent |
|---|---|
| (b) County of Residence of First Listed Plaintiff  Tarrant<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Jerry J. Jarzombek; The Law Office of Jerry Jarzombek, PLLC; 855 Texas Street, Suite 140; Fort Worth, TX 76102; 817-348-8325 | Attorneys *(If Known)*<br>4-12CV 518-Y |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. 1692 et seq
Brief description of cause:
Unlawful debt collection

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  07/25/2012
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # FW017422   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____